UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL CHUQUI AVILA<br><br>**Plaintiff,**<br><br>v.<br><br>**RELOCATION EXPRESS LLC,**<br><br>**Defendant.** | Civ. No. 2:22-2325 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

In this contract dispute, Defendant Relocation Express LLC ("Relocation" or "Defendant") moves to dismiss Plaintiff's Amended Complaint ("AC") pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), and 12(b)(6). ECF No. 15. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). After careful consideration of the parties' submissions, and for the reasons set forth below, Defendant's motion to dismiss is **denied in part and granted in part**.

**I.   BACKGROUND**

Between 2009 and June 2020, Plaintiff had a "business relationship" with Relocation, an organization for which he "worked as a contractor moving and delivering items" for Relocation. AC, ¶¶ 4, 5, 14. Plaintiff alleges that the parties had an oral contract that governed from 2009 until they entered into the "Owner Operator Agreement and Equipment Lease" on June 26, 2019 (the "Contract"). *Id.* at ¶¶ 6, 10; ECF No. 13-4. The Contract, a copy of which is attached to the AC, contains the following forum selection and choice of law provision:

> 26. IT IS EXPRESSLY UNDERSTOOD AND AGREED BETWEEN THE PARTIES TO THIS AGREEMENT THAT THE SAME SHALL BE INTERPRETED UNDER THE LAWS OF THE STATE OF TEXAS, WITHOUT REFERENCE TO CONFLICT OF LAW PRINCIPLES. ANY LITIGATION IN CONNECTION WITH OR RELATING TO THIS AGREEMENT SHALL BE BROUGHT ONLY IN A COURT HAVING JURISDICTION AND VENUE AT DALLAS, TEXAS, AND EACH OF THE PARTIES ... CONSENTS TO AND CONFERS PERSONAL JURISDICTION ON ANY SUCH COURT OR COURTS.

Contract, at ¶ 26. According to Plaintiff, Defendant failed to pay $176,013.67 for delivery services performed on behalf of Relocation between October 2016 and October 2019. AC, ¶¶ 7, 14; *see* "unpaid invoices" attached to AC, ECF No. 1.

This action, initially filed in state court, was removed to federal court on April 22, 2022 on the basis of diversity jurisdiction. ECF No. 1. Defendant's principal place of business is in Dallas, Texas and Plaintiff is domiciled in New Jersey. AC, ¶¶ 1-2. Defendant filed an initial motion to dismiss, ECF No. 5, which was terminated without prejudice after Defendant consented to Plaintiff filing an amended pleading. The AC was filed on September 22, 2022. Count One alleges breach of the written contract, which Defendant now moves to dismiss for lack of personal jurisdiction and/or improper venue pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3). Count Two asserts breach of oral contract, which Defendant argues should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiff fails to identify the terms of any purported oral contract and is precluded from suit by the waiver of rights provision in the written Contract. Lastly, Defendant maintains that Count Three for unjust enrichment fails to state a claim because a quasi-contract claim cannot stand where an express contract governs the same subject matter. Each contention will be addressed in turn.

## II. DISCUSSION

### A. Count One

#### 1. *12(b)(2) Lack of Personal Jurisdiction*

Defendant insists that this Court lacks personal jurisdiction only over the breach of written contract claim. Def. Reply Br. at 2. Defendant's motion fails for several reasons. First, a jurisdictional challenge over a *claim* relates to subject matter rather than personal jurisdiction. Second, Defendant fails to set forth *any* facts showing that this Court lacks personal jurisdiction over it or to refute Plaintiff's arguments that by contracting in and conducting business in New Jersey, Defendant purposefully directed its activities at the forum. Instead, Defendant insists that specific personal jurisdiction over Defendant is not relevant because it seeks dismissal of Count One based on the contractual forum selection clause designating Texas as the forum for disputes. However, Rule 12(b)(2), which permits dismissal on jurisdictional grounds, is not the appropriate vehicle for enforcing a forum selection clause. Thus, Defendant's motion to dismiss Count One for lack of personal jurisdiction is **denied.**

#### 2. *12(b)(3) Improper Venue*

Alternatively, relying on the Texas forum selection clause, Defendant moves to dismiss Count One for improper venue under Rule 12(b)(3) and 28 U.S.C. § 1406(a). Rule 12(b)(3) authorizes dismissal only when venue is "improper." Likewise, under § 1406(a),

2

where a case is filed in the "wrong division or district," a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Accordingly, when venue is challenged, the court must first determine whether venue is proper by examining "whether the case falls within one of the three categories set out in § 1391(b)."[1] *Atlantic Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56 (2013). Contrary to Defendant's assertions, a § 1391 analysis is necessary notwithstanding the existence of a forum selection clause. *See* Def. Reply Br., at n.1. As explained by the Supreme Court, "[w]hether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b)." *Atl. Marine Const. Co.*, 571 U.S. at 56. Indeed, no contractual clause can render venue "wrong." *Id.* at 58. Thus, a "case filed in the proper venue under § 1391 may not be dismissed under § 1406(a) or Rule 12(b)(3)." *Id.* at 56. In other words, § "1406(a) and Rule 12(b)(3) are not proper mechanisms to enforce a forum-selection clause." *Id.* at 61.

Here, in examining whether venue is proper under § 1391, the Court notes that the invoices attached to the AC indicate that many of the deliveries either were picked up from or delivered to addresses in New Jersey, which Defendant has not refuted. Venue is therefore proper in this jurisdiction because "a substantial part of the events or omissions giving rise to the claim occurred" in New Jersey.[2] 28 U.S.C. § 1391(b)(2). Defendant's motion to dismiss for improper venue is **denied.**

B. Count Two[3]

Defendant claims that the breach of oral contract claim fails as a matter of law because Plaintiff waived his rights to any unpaid commissions pursuant to ¶ 11(d) of the Contract, which states: "Any claim for disputed commissions are deemed waived if not made within two weeks from the date of the commission payment. [Plaintiff] represents and warrants that, as of [June 26, 2019], the Contractor has no outstanding commissions that are in dispute." However, "commission," is not defined in the Contract. In any event,

---

[1] 28 U.S.C. § 1391(b) provides that a civil action may be brought in judicial districts in which: "1) ... any defendant resides, if all defendants are residents of the State in which the district is located; (2) ... a substantial part of the events or omissions giving rise to the claim occurred, ... ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

[2] Plaintiff is incorrect that proper venue under § 1391(b) invalidates the forum selection clause. *See e.g, Atl. Marine*, 571 U.S. 49 (discussing considerations for § 1404(a) transfer as means to enforce forum selection where venue is proper). Defendant, however, has not sought transfer of this action to Texas and the Court declines to conduct a *sua sponte* § 1404(a) transfer analysis.

[3] Neither party has briefed whether Texas or New Jersey law should apply to the breach of oral contract claim. In any event, an extensive choice of law analysis is unnecessary because Texas and New Jersey law are substantially similar on this issue. *See, e.g., Porter-Garcia v. Travis L. Firm, P.C.*, 564 S.W.3d 75, 87 (Tex. App. 2018).

3

Plaintiff does not seek unpaid "commission," but rather, payment for "completed work" performed on behalf of Defendant. AC, ¶¶ 22, 26-27. Thus, whether Plaintiff waived his rights to any outstanding commissions is relevant to the claims in Count Two.

However, the Court agrees with Defendant that Count Two warrants dismissal. Plaintiff's allegations, while they are to be taken as true, are not sufficiently specific to raise a plausible inference that the parties entered into an oral contract with a "meeting of the minds" as to all essential terms. Apart from the conclusory statement that the parties "had an oral contract, where Plaintiff would provide moving and delivery services," AC, ¶ 6, Plaintiff relies on "invoices" attached to the pleading. Those "invoices" are "move information sheets," bills of lading, and other miscellaneous documents that do not indicate what the terms of the alleged oral contract are, whether Plaintiff performed under the agreement, or that Defendant was even a contracting party since some of the documents only reference entities such as "Paramount Transportation Systems," "Asian Tigers Mobility," or no company at all. Defendant's motion to dismiss Count Two is **granted**. Although Plaintiff has already amended his pleading once, he did not have the benefit of the Court's ruling. Therefore, Count Two is **dismissed without prejudice.**

### C. Count Three

Unjust enrichment is a quasi-contract claim that requires a plaintiff to show that "defendant received a benefit and that retention of that benefit without payment would be unjust." *Napier v. Pub. Serv. Elec. & Gas Co.*, 2014 WL 3444670, at *3 (N.J. Super. Ct. App. Div. July 15, 2014) (citing *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554, 641 A.2d 519 (1994)). Although a plaintiff may pursue alternative theories of recovery, "[i]f a contract exists between the parties, unjust enrichment is inapplicable, *Shalita v. Twp. of Wash.*, 270 N.J. Super. 84, 90–91 (App. Div.1994), and the parties must seek damages for breach of the contract, *Nat'l Amusements, Inc. v. N.J. Tpk. Auth.*, 261 N.J. Super. 468, 478 (Law Div.1992), *aff'd*, 275 N.J. Super. 134 (App. Div. 1994)." *D'Agostino v. Appliances Buy Phone, Inc.*, 2015 WL 10434721, at *7 (N.J. Super. Ct. App. Div. Mar. 8, 2016). Here, both parties rely on the written Contract and do not challenge its validity. Thus, the unjust enrichment claims in Count Three for unpaid services that are within the scope of the parties' contract, whether written or oral, are **dismissed with prejudice.** *See* AC, ¶ 27. Defendant's motion is **denied** as to unjust enrichment claims that are for unpaid services that are not governed by any contract.

### III. CONCLUSION

For the reasons noted above, Defendant's motion to dismiss is **granted in part and denied in part.** Defendant's motion to dismiss Count One for lack of personal jurisdiction or improper venue is **denied.** Count Two is **dismissed without prejudice.** As to Count Three, Defendant's motion is **granted** only as the unjust enrichment claims for unpaid

services that are within the scope of the parties' contract; those claims are **dismissed with prejudice**.

WILLIAM J. MARTINI, U.S.D.J.

December 20, 2022